Dear Mr Landry:
Your recent request for an Attorney General's Opinion has been assigned to the undersigned for research and reply. You have requested the opinion of this office, as follows:
 "Can the Parish of Iberia and/or the Council on Aging, pursuant to Article 6 Sections 30 and 32 of the Louisiana Constitution of 1974 or any other statutory provision, levy a property tax for the purpose of funding the programs of the Iberia Parish Council on Aging?"
We will first address the ability of Parish Voluntary Councils on Aging to levy taxes.
Both La. Const. (1974) Art. VI, Secs. 30 and 32 refer to the power of taxation granted to `political subdivisions'. Please be advised that it is the opinion of this office that Parish Voluntary Councils on Aging are not political subdivisions, and therefore, these constitutional provisions do not provide authority for Councils on Aging to levy and collect taxes. I am enclosing a copy of Attorney General's Opinion No. 92-404, wherein we determined that Councils on Aging are intrinsically private, non-profit corporations which are delegated public functions as mandataries of the State.
We have also reviewed Chapter 16 of Title 46 of the Revised Statutes, which provides for the creation and funding of Parish Voluntary Councils on the Aging. Those provisions do not give Voluntary Councils on Aging the authority to levy and collect taxes of any sort. Furthermore, our research did not reveal any other provisions of law or the constitution which would authorize Councils on Aging to levy and collect taxes. As such, it is the opinion of this office that Parish Voluntary Councils on Aging cannot levy property taxes.
We will now examine whether the Parish of Iberia has the ability to levy and collect such a tax. It is the opinion of this office that the Parish of Iberia does have the authority to do so.
That authority does not, however, stem from La. Const. (1974) Art. VI, Sec. 32. Art. VI, Sec. 32 refers only to taxes for the funding of "works of public improvement", which in our opinion, necessarily implies capitol improvements, as opposed to the work of entities such as the Parish Council on Aging.
With regard to La. Const. (1974) Art. VI, Sec. 30, we note that that provision is not self-operative. Rather, that section authorizes parishes to exercise the power of taxation, subject to other limitations contained in the constitution, in accordance with authority granted by the legislature. Our research revealed no legislative authorization for the levy of taxes specifically for the purpose of funding Parish Voluntary Councils on Aging.
In our opinion, the authority of the Parish of Iberia to levy and collect ad valorem taxes for the support of the Parish Council on Aging stems from La. Const. Art. VI, Sec. 26, which provides, in pertinent part:
 "(A) . . . The governing authority of a parish may levy annually an ad valorem tax for general purposes not to exceed four mills on the dollar of assessed valuation . . . Millage rates may be increased in any parish when approved by a majority of the electors voting thereon in an election held for that purpose.
 "(B) . . . When the millage increase is for other than general purposes, the proposition shall state the specific purpose or purposes for which the tax is to be levied and the length of time the tax is to remain in effect. All proceeds of the tax shall be used solely for the purpose or purposes set forth in the proposition."
This provision authorizes the Parish of Iberia to hold an election and put before the voters a proposition which would, if approved, authorize a millage increase to be utilized by the Parish for the purpose of providing funding for the Parish Voluntary Council on Aging.
As recognized in Opinion No. 92-404, Parish Voluntary Councils on Aging clearly perform public duties, in accordance with R.S. 46:1404. However, they are essentially private, as opposed to public, entities. As further recognized in that opinion, as well as other opinions rendered by this office, La. Const. (1974) Art. VII, Sec. 14 prohibits public funds from being given to private organizations for private use.
In order to insure that all funds generated by the proposed tax proposition are utilized for constitutionally sanctioned public purposes, it would be our suggestion that the proposition be written in a manner that would insure use of the tax proceeds only for purposes for which parishes can legally expend public funds. The Parish may also wish to engage in a cooperative endeavor with the Council on Aging. The issues raised in connection with Parish tax propositions, when the revenues generated thereby are to be utilized for, or administered by, private organizations is more fully addressed in Attorney General's Opinion No. 93-22, a copy of which is attached hereto.
If this office can be of further assistance to you in this regard, please do not hesitate to contact me.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv/269n
Enclosures